UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BELANGER, INC.,

                      Plaintiff,

                                                   CIVIL CASE NO. 06-10167

v.

                                                   HONORABLE PAUL V. GADOLA

CAR WASH CONSULTANTS, INC.,           U.S. DISTRICT COURT

                      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      Now before this Court is Defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. For the reasons stated below, the Court will grant Defendants motion and dismiss this cause of action.

**I. BACKGROUND**

      Plaintiff Belanger, Inc. ("Belanger"), a Michigan corporation with its principle place of business in Michigan, brings suit against Defendant Car Wash Consultants, Inc. ("CWCI") , an Iowa corporation with its principle place of business in Iowa. Plaintiff originally filed suit in Oakland County Circuit Court (Michigan) on or about November 29, 2005. Defendant subsequently removed the cause of action to this Court based on diversity subject matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, 1446. On March 9, 2006, Defendant filed an amended motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief may be granted.

      The present dispute arises from an oral business agreement between Plaintiff and Defendant. Plaintiff manufactures and sells automated car wash equipment. Defendant sells, installs, and

services car wash equipment.  In June of 2004, Defendant purchased a Belanger "Vector Wash System" from Plaintiff for resale to Defendant's third-party customer, Iowa Wash, LLC ("Iowa Wash").  The terms of the sale were negotiated via telephone, email, and regular mail; at no time did Defendant ever physically enter Michigan.  As a result of the negotiations, Plaintiff and Defendant agreed that Defendant would purchase a Belanger Vector Wash System from Plaintiff and, upon receiving the equipment, install it at an Iowa business location of Iowa Wash.  Defendant, according to the alleged common practice in the industry, paid Plaintiff in full for the equipment prior to shipment.  Def.'s Br., Ex. B, p. 1-2.

After Defendant received the agreed upon shipment of equipment, Plaintiff sent Defendant a written invoice for the completed sale.  Def.'s Br., p. 3; Def.'s Br., Ex. B, p. 1.  That invoice contained the following clause, among others, in fine print: "14. LAW: The validity, performance and constructions of these terms and conditions on any sale made hereunder shall be governed by the law of the State of Michigan, and the parties shall submit to the jurisdiction of the courts located in the State of Michigan." Def.'s Br., Ex. C.  After receiving the Vector Wash System, Defendant installed it at the Iowa Wash location.   However, following the installation Plaintiff claims it received complaints that the equipment did not function properly.  Plaintiff now maintains that it was not the equipment as sold that was faulty, but instead, that the system was improperly installed by CWCI.  Deciding to act independently from Defendant, Plaintiff voluntarily and directly compensated Iowa Wash for damages Iowa Wash claimed it suffered due to the allegedly malfunctioning equipment.  Plaintiff claims it voluntarily compensated Iowa Wash because it was necessary to preserve its business reputation.  Following the voluntary compensation, Iowa Wash

returned the alleged improperly functioning equipment to a location in Michigan.

Plaintiff Belanger subsequently filed suit in Michigan against Defendant CWCI seeking aggregate damages exceeding $75,000. Plaintiff seeks relief by way of common law indemnification by operation of law, common law indemnification by implied contract, and negligence.

**II. Legal Standard**

Plaintiff, as the party now seeking to bring this cause of action, bears the burden of demonstrating that personal jurisdiction exists. *McNic Oil & Gas Co. v. Ibex Resources Co.*, 23 F. Supp. 2d 729, 732 (E.D. Mich. 1998) (Gadola, J.). The standard for determining whether jurisdiction exists depends upon whether the court holds an evidentiary hearing on the jurisdictional issue. *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991). In this case, the parties have not requested, nor has this Court conducted, such an evidentiary hearing on this issue. Consequently, Plaintiff "need only make a prima facie showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation and internal quotation omitted). When an evidentiary hearing is not conducted, the United States Court of Appeals for the Sixth Circuit has directed the courts "not [to] consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [to] construe the facts in a light most favorable to the nonmoving party." *Id.* (citation and internal quotation omitted).

Furthermore, the Sixth Circuit has characterized Plaintiff's burden of establishing jurisdiction in the absence of an evidentiary hearing as "relatively slight." *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citation and internal quotation omitted).

Under this "relatively slight" standard, Plaintiff must demonstrate that "(1) the Michigan long-arm statute supports the Court's exercise of personal jurisdiction and (2) the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment." *Viches v. MLT, Inc.*, 127 F. Supp. 2d 828, 830 (E.D. Mich. 2000) (Gadola, J.). Even when personal jurisdiction may not be established pursuant to the Michigan long-arm statute, a foreign corporation may consent to Michigan jurisdiction through a valid forum selection and choice of law clause. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985).

**III. ANALYSIS**

Analyzing the pleadings in the instant case, Plaintiff "avers . . . that jurisdiction over CWCI is based upon CWCI's consent to jurisdiction in Michigan, pursuant to ¶ 14 of the Terms and Conditions of Sale." Pl. Resp., ¶ 4. Paragraph fourteen provided a forum selection and choice of law provision: "14. LAW: The validity, performance and constructions of these terms and conditions on any sale made hereunder shall be governed by the law of the State of Michigan, and the parties shall submit to the jurisdiction of the courts located in the State of Michigan." Def.'s Br., Ex. C. This clause was included among the "Terms and Conditions of Sale" that was a part of and invoice Plaintiff sent to Defendant. Because Plaintiff bears the burden of establishing personal jurisdiction over Defendant, *McNic Oil & Gas Co.,* 23 F. Supp. 2d at 732, and because Plaintiff fails to set forth any claim of personal jurisdiction pursuant to the Michigan long arm statute, this Court must determine whether Plaintiff has presented a prima facie case that jurisdiction over Defendant otherwise exists. *See Bird v. Parsons*, 289 F.3d 856, 871 (6th Cir. 2002).

Section 600.711(2) of the Michigan Compiled Statutes provides Michigan courts with

4

general personal jurisdiction over foreign corporations that consent to Michigan jurisdiction. M.C.L. § 600.711(2); *Schmidt v. Wilbur*, 775 F. Supp. 216, 219 (E.D. Mich. 1991) (Gadola, J.). One such way a foreign corporation may consent to Michigan jurisdiction is through a forum selection and choice of law clause. *See Burger King Corp.,* 471 U.S. at 473 n.14. Plaintiff argues that in the instant case, general personal jurisdiction exists over Defendant in Michigan because Defendant impliedly consented to the forum selection and choice of law clause contained in the sales invoice sent to Defendant. However, not all forum selection and choice of law clauses are necessarily valid; to be enforceable, forum selection and choice of law clauses must be validly incorporated into the terms of an enforceable contract. *See  Metro. Alloys Corp. v. State Metals Indus.*, 416 F. Supp. 2d 561 (E.D. Mich. 2006) ("A contractual forum selection clause, though otherwise valid, may not be enforced against one not bound by the contract.") (q*uoting Offerdahl v. Silverstein*, 224 Mich. App. 417, 420 (1997)). "It is for Michigan courts to determine in the first instance whether a forum selection clause is contractually binding." *Id.* (referring generally to M.C.L. § 600.745).

In determining whether the clause included by Plaintiff in the invoice sent to Defendant constitutes a contractually binding agreement between the parties, this Court is guided by Michigan Compiled Laws § 440.2207:

> (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.
>
> (2) The additional terms are to be construed as proposals for addition to the contract. Between merchants *such terms become part of the contract unless*:
>> (a) the offer expressly limits acceptance to the terms of the offer;

>    (b) *they materially alter it*;
>
>    (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

M.C.L. § 440.2207 (1)-(2) (emphasis added). Consequently, the determinative issue when deciding whether Defendant is bound by the forum selection and choice of law clause in the instant case therefore is whether the clause *materially altered* the parties agreement.

Recently, another court in the Eastern District of Michigan addressed an issue remarkably similar to the one this Court now faces. In *Metropolitan Alloys Corp. v. State Metals Industries*, 416 F. Supp. 2d 561 (E.D. Mich. 2006), the respective parties agreed upon the purchase of some raw manufacturing materials. *Metro. Alloys Corp. v. State Metals Indus.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). Following the agreement, defendant sent plaintiff a sales contract to memorialize the parties' agreement. *Id.* at 564-65. That sales contract contained a choice of law clause on the reverse side. *Id.* After a dispute arose regarding the quality of the product exchanged, the plaintiff claimed it was not bound by the forum selection clause; the plaintiff claimed it never discussed the terms of the clause when placing the phone order with the defendant, the clause was not referred to in the parties' purchase order, and its representatives never signed the sales contract. *Id.* at 565. The court was therefore required to determine if the clause, contained on the reverse side of the post-agreement memorialization, was binding upon the parties.

Analyzing Plaintiff's claim, the court in *Metropolitan Alloys* recognized, as this Court has stated above, that in order to be bound by the forum selection clause, the clause must be contractually binding on the parties. *Id.* at 565 (citing *Offerdahl v. Silverstein*, 224 Mich. App. 417,

419, 569 N.W.2d 834 (1997)).  Where a clause materially alters the parties agreement, that clause is not binding upon the parties. *Id.* (citing M.C.L. § 440.2207(2)(b)).  Finding that the Michigan state courts had not directly addressed the issue in question, whether a post-agreement forum selection and choice of law clause materially alters a contract and thus should be denied a binding effect, the court then fully considered the relevant Michigan case law, the objectives of the UCC, and the Michigan courts' policy to resolve such undecided contractual issues by looking to other jurisdictions.  The *Metropolitan Alloys* court found:

> if faced with the issue [in question], the Michigan Supreme Court would rule that a unilateral addition of a forum selection clause to a contract governed by the UCC is a material alteration of the contract that does not become a part of the contract by operation of M.C.L. 440.2207(2)(b).

*Metro. Alloys Corp.*, 416 F. Supp. 2d at 567 (citations omitted).  Consequently, the *Metropolitan* court found that merely accepting delivery and reading the language of the forum selection clause, included on the back of a sales contract, did not bind Plaintiff to the forum selection and choice of law provisions.  *Id.*

Considering the factual similarity of the instant case to *Metropolitan Alloys Corp.,* 416 F. Supp. 2d 561, and after reviewing the sound reasoning of the *Metropolitan Alloys* court, this Court concludes that Defendant did not consent to personal jurisdiction in Michigan.  The forum selection clause at issue in the instant case was contained in fine print on an invoice mailed to Defendant only after the contract for the sale and installment of the Vector Wash system had been completed.  By mailing the invoice to Defendant, Plaintiff was attempting to bind Defendants to terms and conditions that had not been previously agreed upon.  Accordingly, such a clause, in the manner and

7

time presented to Defendant, materially altered the parties' agreement and is not binding upon them under M.C.L. § 440.2207(2)(b).  *See Metro. Alloys Corp.*, 416 F. Supp. 2d at 567.  Consequently, because Defendant is not bound by the forum selection and choice of law clause contained in Plaintiff's invoice, and because no other claim of personal jurisdiction is set forth by Plaintiff, this Court lacks general personal jurisdiction over Defendant.

In its motion to dismiss, Defendant also argues that M.C.L. § 600.745 mandates that the action be litigated in Iowa, the location most convenient to the parties, and that Plaintiff's complaint fails to state a cause of action upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  However, because this Court has found that it lacks personal jurisdiction, further consideration of these arguments would not be appropriate.  As such, those arguments will not be further considered.

## IV. CONCLUSION

After a thorough examination of the instant case, the Court finds that because the forum selection and choice of law clause is not enforceable against Defendant, and because Plaintiff, bearing the burden of establishing a prima facie showing of jurisdiction, has failed to set forth any evidence that Defendant is subject to personal jurisdiction in Michigan under the Michigan long arm statute or otherwise, this Court lacks personal jurisdiction as to Defendant.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 7] for lack of personal jurisdiction is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Case No. 06-10167, is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:   September 20, 2006           s/Paul V. Gadola

                                             HONORABLE PAUL V. GADOLA
                                             UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 21, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                          Ian B. Bourgoine; Lawrence S. Charfoos  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Steven B. Haffner                                          .

                                               s/Ruth A. Brissaud

                                               Ruth A. Brissaud, Case Manager

                                               (810) 341-7845